1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7                 **DISTRICT OF NEVADA**
8
9    KARL W. SCHENKER,
10        Plaintiff,                    Case No. 3:12-cv-00679-HDM-VPC
11   vs.                                **ORDER**
12   RENE BAKER, et al.,
13        Defendants.
14

15        Plaintiff has submitted an application to proceed _in forma_
16   _pauperis_ (#1) and a petition for a writ of mandamus.  The court
17   dismisses this action for two reasons.

18        First, plaintiff has completed the application (#1)
19   incorrectly.  On the financial certificate, plaintiff marked that
20   he is pursuing a petition for a writ of habeas corpus, for which
21   the filing fee is $5.00.  However, for all civil actions other than
22   habeas corpus petitions, the filing fee is $350.00.  Petitioner
23   will need to commence a new action in which he completes the
24   application to proceed _in forma pauperis_ correctly.

25        Second, mandamus is not suitable for the nature of this
26   action.  Plaintiff alleges that he is indigent and that prison
27   officials are not providing him with pen, paper, and postage to
28   draft legal documents and mail them to the court.  Plaintiff does

1   have a right of access to the courts, which is violated if he can

2   demonstrate an actual injury such as an inability to file a non-

3   frivolous claim.  Lewis v. Casey, 518 U.S. 343, 348-53 (1996).  The

4   court does have the authority to issue a writ of mandamus pursuant

5   to the All Writs Act, 28 U.S.C. § 1651, in extraordinary

6   circumstances.

7         The All Writs Act is a residual source of authority to issue
          writs that are not otherwise covered by statute. Where a
8         statute specifically addresses the particular issue at hand,
          it is that authority, and not the All Writs Act, that is
9         controlling. Although that Act empowers federal courts to
          fashion extraordinary remedies when the need arises, it does
10        not authorize them to issue ad hoc writs whenever compliance
          with statutory procedures appears inconvenient or less
11        appropriate.

12  Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34,

13  42-43 (1985).  This court has the authority to fashion a remedy to

14  any violations of plaintiff right of access to the courts through a

15  civil rights action pursuant to 42 U.S.C. § 1983.  If plaintiff

16  wishes to pursue his claims, then he should commence a civil rights

17  action pursuant to 42 U.S.C. § 1983.  Plaintiff also needs to use

18  the court's complaint form, as required by Local Rule LSR 2-1.

19        IT IS THEREFORE ORDERED that the application to proceed in

20  forma pauperis (#1) is **DENIED** without prejudice.

21        IT IS FURTHER ORDERED that the clerk of the court shall send

22  plaintiff a blank form for an application to proceed in forma

23  pauperis for incarcerated litigants and a blank civil rights

24  complaint form with instructions.

25  ///

26  ///

27  ///

28  ///

-2-

1    IT IS FURTHER ORDERED that this action is **DISMISSED** without

2  prejudice to plaintiff's commencement of a new action in which he

3  uses the court's complaint form and either pays the filing fee in

4  full or submits a complete application to proceed in forma

5  pauperis, accompanied by a signed financial certificate and a

6  statement of his inmate account.  The clerk of the court shall

7  enter judgment accordingly.

8    DATED: December 28, 2012.

9

10                          HOWARD D. MCKIBBEN

11                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-